IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| E.K. WADE, | § | |
| | § | |
| v. | § | C.A. NO. C-12-179 |
| | § | |
| DANIEL AKAKA, ET AL. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT DEFENDANTS' MOTION TO DISMISS

Plaintiff, proceeding pro se, filed this action against the ninety-five United States

Senators who voted in favor of the VOW to Hire Heroes Act of 2011.  Pub. L. No. 112-56, tit. 2,

125 Stat. 711 (2011).  (D.E. 1).  In a case of first impression, he seeks to challenge the Act's

exclusion of him on the basis of age as a violation of various federal and state laws.  (D.E. 114).

Defendants filed a motion to dismiss.  (D.E. 116).  Plaintiff filed a response in opposition.  (D.E.

124).  For the reasons stated herein, it is respectfully recommended that defendants' motion be

granted.

## I.  JURISDICTION

The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## II.  BACKGROUND

Plaintiff is a sixty-four-year-old disabled veteran.[1]  (D.E. 114, at 7).  On May 22, 2012,

he submitted an application to the Department of Labor, seeking Veterans Retraining Assistance

Program benefits pursuant to the VOW to Hire Heroes Act of 2011, Pub. Law 112-56, tit. 2.[2]  Id.

---

[1] Plaintiff has a 100% service-connected disability rating.  (D.E. 114, at 3).  Since August 1, 2006, he has
received $2,673.00 each month in disability benefits from the Department of Veterans Affairs.  Id. at 39.

[2] The Veterans Retraining Assistance Program authorizes a maximum of 99,000 "eligible veterans" to
receive up to twelve months of job training assistance.  Among other eligibility requirements, a recipient must be
between the ages of thirty-five and sixty, and must "not [be] in receipt of compensation for a service-connected
disability rated totally disabling by reason of unemployability."  Pub. Law 112-56, § 211.

That same day, the Department of Labor denied his application, explaining that he was not eligible to receive benefits pursuant to the Act because of his age.  Id.; (D.E. 114-1, at 26). Specifically, the Act requires that benefits recipients be between ages thirty-five and sixty, and therefore, at age sixty-four, plaintiff is too old.  (D.E. 114, at 7; D.E. 114-1, at 26).  As a result of being denied benefits, on May 23, 2012, plaintiff sought "psychiatric counseling and medication to calm his fears and anxiety" at the VA Outpatient Clinic in Corpus Christi.  (D.E. 114, at 7).

On June 1, 2012, plaintiff filed a complaint against ninety-five members of the United States Senate who voted in favor of the Act, as well as four Executive Branch officers.  (D.E. 1). Plaintiff has filed three amended complaints, on August 30, September 4, and October 1, 2012, respectfully.  (D.E. 109; D.E. 114; D.E. 118).  In each, he has named only the ninety-five senators as defendants, whom he sues in their individual capacities.  Id.

In his complaints, plaintiff asserts two broad claims that appear to amalgamate numerous claims pursuant to the United States Constitution, the United States Code, the Texas Constitution, the Texas Civil Code, and common law.  (D.E. 114, at 4, 32).  For example, his first claim is entitled: "Bivens claim of Conspiracy to Intentionally Deprive Plaintiff's Due Process of Law and Neglect to Prevent Conspiracy as it Relates to VA Benefits (through Age discrimination) against Akaka, et al. (42 U.S.C. §§ 1983, 1985(3), 1986, and 1988)."  Id. at 4. Similarly, his second claim is entitled: "Bivens claim of Intentional Infliction of Emotional Distress (mental anguish) in Furtherance of Conspiracy, Negligence, and Deprivation of Due Process of law against Akaka, et al. (42 U.S.C. §§ 1985(3), 1983, 1986, and 1988)."  Id. at 32. Plaintiff explains that, "[i]n a nutshell," his claim is that defendants "conspired to influence the passage of legislation [] by unlawful means which, together, was the moving force to [his]

constitutional injury–violation of Fifth Amendment due process to be free from age discrimination." <u>Id.</u> at 8.  This conduct caused him severe emotional anguish, as evidenced by the fact that he sought psychiatric care as a result of being denied benefits.  <u>Id.</u> at 32-33.

In support of his conspiracy claim, plaintiff submits various press statements made by senators who had voted to pass the legislation regarding their support for it.  <u>Id.</u> at 4.  For example, Senator Debbie Stabenhow, who co-sponsored the Act, reportedly made the following statement in a conference call to reporters: "The veterans bill is bipartisan.  We expect it to pass. It should pass.  It will make sure veterans are not standing in the back of the unemployment line." <u>Id.</u>  Similarly, Senator Patty Murray indicated in a press statement, "There are 14 million veterans who are out there trying to find work every day and it's time that we can do something for them....  Veterans are not a partisan issue.  They are something we can all get behind." <u>Id.</u> at 4-5.  Throughout his various pleadings, plaintiff cites numerous examples of similar statements made by senators who supported the legislation.  <u>Id.</u>; (D.E. 124, at 6).  On November 11, 2011, President Obama signed the legislation into law.  (D.E. 114, at 6).  All defendants voted to limit the Act's eligibility requirements according to age.  <u>Id.</u>

Plaintiff seeks relief in the form of general damages, an injunction against enforcement of the Act, a declaration that it is unconstitutional as a violation of due process, damages for pain and suffering, punitive damages, compensatory damages for mental anguish, prejudgment interest on damages, and attorney's fees.  <u>Id.</u> at 36.  On September 25, 2012, defendants filed the pending motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure.  (D.E. 116).

### III.  DISCUSSION

**A.**     **Plaintiff's Claim Should Be Dismissed Pursuant To Rule 12(b)(2).**

Defendants contend that this action must be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because the court lacks personal jurisdiction over all of the defendants, with the exception of John Cornyn and Kay Bailey Hutchinson, the two senators from Texas.  (D.E. 116, at 3).

### 1.     **Standard of Review for a Rule 12(b)(2) Motion.**

Rule 12(b)(2) of the Federal Rules of Civil Procedure addresses motions to dismiss for "lack of personal jurisdiction."  Fed. R. Civ. P. 12(b)(2).  "The plaintiff bears the burden of establishing the court's personal jurisdiction over [a] nonresident defendant."  See Kevlin Serv., Inc. v. Lexington State Bank, 46 F.3d 13, 14 (5th Cir. 1995) (per curiam) (citation omitted); Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) ("Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists.") (citing Wyatt v. Kaplan, 686 F.2d 276, 280 (5th Cir. 1982)).

In order to survive a Rule 12(b)(2) motion to dismiss, "[a] [p]laintiff[] need only plead a *prima facie* case for personal jurisdiction."  Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 424 (5th Cir. 2005) (citing Felch v. Transportes Lar-Mex S.A. De CV, 92 F.3d 320, 326 (5th Cir. 1996)); Brown v. Slenker, 220 F.3d 411, 417 (5th Cir. 2000) ("To defeat dismissal, the [plaintiff] was required only to present facts sufficient to constitute a *prima facie* case of personal jurisdiction.") (citing Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990)); Luv N' Care, 438

4

F.3d at 469 ("The plaintiff need not ... establish jurisdiction by a preponderance of the evidence; a *prima facie* showing suffices.") (citing Wyatt, 686 F.2d at 280).

    **2.    Defendants do not have minimum contacts with the forum.**

Defendants argue that plaintiff has not shown the court has personal jurisdiction over any of defendants, with the exception of two senators from Texas.  (D.E. 116, at 11).  Specifically, they contend that the ninety-three senators not from Texas do not have minimum contacts with the forum because the conduct giving rise to the action took place entirely in the District of Columbia.  Id. at 12.  Plaintiff does not contest this argument, but instead submits in response that there is personal jurisdiction "[s]ince it is common knowledge that [defendants] have certain minimum contacts in the District of Columbia."  (D.E. 124, at 5).

The Fifth Circuit has explained that "[a] federal court can exercise personal jurisdiction over a nonresident defendant if: (1) the long-arm statute of the forum state confers personal jurisdiction over that defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with the due process under the United States Constitution."  Ruston Gas Turbines, Inc. v. Donaldson Co., Inc., 9 F.3d 415, 418 (5th Cir. 1993) (citations omitted); see also Wilson v. Belin, 20 F.3d 644, 646-47 (5th Cir. 1994) (citing Bullion, 895 F.2d at 215).  Only the latter inquiry need be addressed, however, because the Texas long-arm statute extends to the limits of federal due process.  See Moncrief Oil Int'l Inc. v. OAO Gazprom, 481 F.3d 309, 311 n.1 (5th Cir. 2007) ("The Texas long-arm statute extends personal jurisdiction to the permissible limits of the Due Process Clause, and so we only need to determine whether the exercise of personal jurisdiction in this case would comport with those federal guarantees.") (citations omitted); see also Tex. Civ. Prac. & Rem. Code § 17.041, et seq. (Texas Long Arm Statute).

The Fifth Circuit has determined that "[t]he Due Process Clause permits the exercise of personal jurisdiction over a non-resident defendant if: 1) that defendant has 'minimum contacts' with the forum state; and 2) the exercise of jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" Brown, 220 F.3d at 417 (citing Ruston Gas Turbines, 9 F.3d at 418). For a federal court to exercise personal jurisdiction, "[b]oth prongs of the due process test must be met." Ruston Gas Turbines, 9 F.3d at 418. Once a plaintiff makes a prima facie showing of minimum contacts pursuant to the first prong, the burden then shifts to the defendant to show that "the exercise of jurisdiction would not comply with 'fair play' and 'substantial justice.'" Freudensprung v. Offshore Technical Servs., Inc., 379 F.3d 327, 343 (5th Cir. 2004) (citing Nuovo Pignone, SpA v. STORMAN ASIA M/V, 310 F.3d 374, 378 (5th Cir. 2002)).

To satisfy the "minimum contacts" prong of the test set forth above, the Supreme Court has established standards for "specific" and "general" jurisdiction. Wilson, 20 F.3d at 647; Ruston Gas Turbines, 9 F.3d at 418-19. A court may exercise "specific jurisdiction" over a non-resident defendant when the suit arises from or relates to the defendant's contacts within the forum state. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984); Freudensprung, 379 F.3d at 343 ("A court may exercise specific jurisdiction when (1) the defendant purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendants['] contacts with the forum state.") (citations omitted).

By contrast, when the act or transaction that forms the basis of the plaintiff's action is unrelated to the defendant's contacts with the forum, personal jurisdiction does not exist unless the defendant has sufficient "continuous and systematic" contacts with the forum state to support

an exercise of "general jurisdiction." Freudensprung, 379 F.3d at 345 (citing Helicopteros

Nacionales de Columbia, 466 U.S. at 414, 417).  More specifically, a defendant's contacts with

the forum state must be so continuous and systematic that the defendant should reasonably

expect to be sued there.  See Felch, 92 F.3d at 327; Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d

291, 295 (5th Cir. 1999) (en banc) (per curiam) ("General personal jurisdiction is found when

the nonresident defendant's contacts with the forum state, even if unrelated to the cause of

action, are continuous, systematic, and substantial.") (citations omitted).

Here, plaintiff has not shown that ninety-three of the ninety-five named defendants have

minimum contacts with Texas.[3]  As he concedes, the events giving rise to the action took place

entirely in the District of Columbia and there is no indication that defendants otherwise

purposely availed themselves of the forum sufficient to establish specific jurisdiction.  Moreover,

plaintiff has not shown that defendants engaged in any systematic and continuous conduct in

Texas that would otherwise establish general jurisdiction.  Although plaintiff contends that

defendants "are agents of government entities doing business in Texas with its principal place of

business located within Corpus Christi, Texas," (D.E. 114, at 3), these allegations are

unsubstantiated and conclusory and will not support a finding of personal jurisdiction.  See

Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (explaining that "'a

plaintiff must plead specific facts, not mere conclusory allegations,'" and noting that the court

"'will [] not accept as true conclusory allegations or unwarranted deductions of fact.'") (quoting

---

[3] Though plaintiff named four Executive Branch officials in his original complaint, (D.E. 1), in his three amended complaints he did not include these defendants.  (D.E. 109; D.E. 114; D.E. 118).  Though his motion for leave to file his third amended complaint was denied, (D.E. 120), he was permitted to file his first amended complaint, which does not differ substantively from his second.  (D.E. 112); compare (D.E. 109), with (D.E. 114).  Therefore, plaintiff's original claims against the Executive Branch officials are not considered because they are not before the Court.

Tuchman v. DSC Commc'n Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)).  His allegation is only true if the federal capitol building were in Corpus Christi and senators were enacting legislation there.  Clearly, this is not the case.  Accordingly, it is respectfully recommended that plaintiff's claims against defendants, excluding Senators Cornyn and Hutchinson, be dismissed for lack of personal jurisdiction.

**B.     Plaintiff's Claim Should Be Dismissed Pursuant To Rule 12(b)(1).**

Defendants next contend that this action must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the court lacks subject matter jurisdiction over plaintiff's claims.  (D.E. 116, at 3).  Specifically, they argue that they are not subject to suit on the basis of legislative acts pursuant to the Speech or Debate Clause of the United States Constitution, and that plaintiff does not have Article III standing to challenge the legislation.[4]

**1.     Standard of Review for a Rule 12(b)(1) Motion.**

Rule 12(b)(1) of the Federal Rules of Civil Procedure governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction [pursuant to Rule 12(b)(1)] when the court lacks the statutory or constitutional power to adjudicate the case."  Krim v. pcOrder.com, Inc., 402 F.3d 489, 494 (5th Cir. 2005) (quoting Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998)).  "Courts may dismiss for lack of subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  Clark v. Tarrant County, Tex., 798 F.2d 736, 741 (5th Cir. 1986) (citing Williamson v. Tucker, 645

---

[4] Though defendants submit various other arguments as to why there is no subject matter jurisdiction, (D.E. 116, at 9-10), these issues need not be reached because the two discussed herein provide ample ground for dismissal.

F.2d 404, 413 (5th Cir. 1981)) (emphasis added).  "A motion under 12(b)(1) should be granted

only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim

that would entitle [plaintiff] to relief."  Home Builders Ass'n, 143 F.3d at 1010 (citing Benton v.

United States, 960 F.2d 19, 21 (5th Cir. 1992)).  The party asserting jurisdiction bears the burden

of proving that jurisdiction exists.  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001)

(per curiam) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 511 (5th Cir. 1980)).

### 2.      The Speech or Debate Clause bars suit against defendants.

Defendants argue that they are entitled to legislative immunity pursuant to the Speech or

Debate Clause because plaintiff essentially seeks to challenge their votes in favor of the Act, and

that therefore he can prove no set of facts that would entitle him to relief.  (D.E. 116, at 3).

Plaintiff argues in response that the Speech or Debate Clause does not grant legislative immunity

because he does not seek to challenge defendants' act of voting in favor of the legislation.  (D.E.

124, at 4).  Instead, he insists that the conduct on which his suit is based consists of defendants'

use of newsletters and press releases "to convey their message of solidarity in enacting the Act

by unlawful means."[5]  Id.  This conduct, unlike a vote in favor of legislation, falls outside the

Speech or Debate clause because it was "perpetrated prior to and outside of the sphere of

[defendants'] legitimate legislative functions."  Id.

---

[5] For example, plaintiff takes issue with the following statements made by individual defendants through newsletters and press releases in support of the legislation: "It is important we support our troops, not by lip service but by action.  And, we intend to act next week;" "I urge the President to call on Senate Democrats to bring these common-sense bills to a vote in the Senate;" "The bill we are introducing is a bipartisan and comprehensive approach to getting our nation's veterans back to work;" and "It is unacceptable that veterans returning from Iraq and Afghanistan have a higher unemployment rate than the rest of America, and we owe them better than that.... That's why it's so important we pass this legislation to give tax credits to businesses that hire veterans and make it easier for veterans to translate the valuable skills they learn in combat to civilian employment."  (D.E. 124, at 6).  These statements are just a sampling of many cited by plaintiff as forming the basis of his action.

The United States Constitution provides that, "for any speech or debate in either House, [Senators and Representatives] shall not be questioned in any other place."  U.S. Const. art. I, § 6.  The Speech or Debate Clause affords members of the United States Congress absolute immunity from liability for activities taken within the sphere of legitimate legislative activity. Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501 (1975).  Thus, "once it is determined that Members are acting within the 'legitimate legislative sphere,' the Speech or Debate Clause is an absolute bar to interference."  Id. at 503 (citing Doe v. McMillan, 412 U.S. 306, 314 (1973)). The Clause serves to "prevent intimidation of legislators by the Executive and accountability before a possibly hostile judiciary."  Gravel v. United States, 408 U.S. 606, 617 (1972) (citation omitted).  In addition, it serves the "function of reinforcing the separation of powers so deliberately established by the Founders."  United States v. Johnson, 383 U.S. 169, 178 (1966); see also Eastland, 421 U.S. at 502 ("The purpose of the Clause is to insure that the legislative function the Constitution allocates to Congress may be performed independently.").

Plaintiff maintains that through this action he seeks to challenge defendants' statements to reporters indicating support for the legislation, as opposed to their passage of legislation pursuant to which he was denied benefits.  (D.E. 124, at 4).  In viewing plaintiff's claim as a whole, it is difficult to accept as accurate his interpretation of this action.

Although it is true that statements made in newsletters and press releases do not generally fall within the "legislative sphere," see Hutchinson v. Proxmire, 443 U.S. 111, 130 (1979); United States v. Brewster, 408 U.S. 501, 512 (1972), plaintiff ultimately seeks to challenge the resulting legislation because it–not defendants' statements–"was the moving force behind [his] deprivation."  (D.E. 118, at 20).  The passage of legislation is quintessential legislative activity

protected by the Speech or Debate Clause.  See Eastland, 421 U.S. at 504 ("consideration and passage or rejection of proposed legislation" is "integral" to legislative activity) (citation omitted); Gravel, 408 U.S. at 617 (legislative immunity protects for "the act of voting"); Wright v. Brady, No. H-06-2021, 2006 WL 2371327, at *2 (S.D. Tex. Aug. 15, 2006) (unpublished) ("The Speech and Debate Clause ... precludes judicial examination of activities such as the votes a legislator casts or how the legislator performs his legislative duties.") (citing Eastland, 421 U.S. at 502).  Therefore, it is respectfully recommended that to the extent plaintiff's complaint is based on passage of the Act, defendants are protected by legislative immunity.

### 3.      Plaintiff does not have Article III standing.

Defendants argue that plaintiff lacks standing sufficient to establish a case or controversy pursuant to Article III of the Constitution.  (D.E. 116, at 8).  In response, plaintiff contends that he has standing because defendants "conspired to and did deprive Plaintiff's equal protection and property interest in education and employment."  (D.E. 124, at 4) (citation omitted).

Pursuant to Article III of the United States Constitution, the federal judicial power is restricted to "cases" and "controversies."  U.S. Const. Art. III, § 2.  The Supreme Court has explained that pursuant to Article III, "the irreducible constitutional minimum of standing contains three elements."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).  These elements are "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury."  Croft v. Governor of Texas, 562 F.3d 735, 745 (5th Cir. 2009) (citing Lujan, 504 U.S. at 560-61).  As "the party invoking federal jurisdiction," the plaintiff "bears the burden of establishing these elements."  Lujan, 504 U.S. at

561 (citation omitted).  The plaintiff must meet this burden "'with the manner and degree of evidence required at the successive stages of the litigation.'"  <u>Cornerstone Christian Schs. v. Univ. Interscholastic League</u>, 563 F.3d 127, 133-4 (5th Cir. 2009) (quoting <u>Lujan</u>, 504 U.S. at 561).

To the extent plaintiff contends that his claim is based solely on defendants' statements in press releases, which are *not* protected by the Speech or Debate Clause, he cannot establish Article III standing.  Although he complains of injuries, including financial loss and subsequent pain and suffering that resulted from being denied benefits, he cannot show a causal connection between that injury and defendants' statements.  Indeed, in his complaint, he notes that his pain and suffering began the day after the Department of Labor rejected his application.  To the extent he maintains that defendants' statements caused the Act to be passed and therefore caused his injuries, he provides no evidence in support of this proposition other than defendants' innocuous statements themselves.

Even assuming plaintiff could establish this causal connection, however, the core of his claim would then undoubtedly be aimed at defendants' votes in favor of the legislation, and not at their statements.  As already discussed, defendants are protected against such a claim by the Speech or Debate Clause.  This is true regardless of defendants' motive or intent in passing the legislation, and even if, as plaintiff contends, they in fact conspired through press releases to discriminate against him by passing the Act.  <u>See</u> <u>Bogan v. Scott-Harris</u>, 523 U.S. 44, 54-55 (1998) ("Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it.  The privilege of absolute [legislative] immunity 'would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a

trial upon a conclusion of the pleader, or to the hazzard of a judgment against them based upon a jury's speculation as to motives.'") (quoting <u>Tenney v. Brandhove</u>, 341 U.S. 367, 377 (1951)).

Finally, even assuming the Speech or Debate Clause did not present an insurmountable obstacle to plaintiff's claim, he still would not be able to prove causation for the purposes of standing because he is ineligible to receive benefits pursuant to the Act *regardless* of his age. Plaintiff indicates that he receives 100% service-connected disability compensation based on his unemployability.  (D.E. 114, at 39).  As a result, he would be ineligible to receive benefits pursuant to the Act even if he met the age requirements.  Pub. L. No. 112-56, § 211(e)(1)(E) (excluding from coverage veterans who receive "compensation for a service-connected disability rated totally disabling by reason of unemployability.").  Therefore, plaintiff has not established that the allegedly discriminatory age requirement in the legislation caused him to be denied benefits, or that a favorable decision would redress his injuries.

Accordingly, it is respectfully recommended that plaintiff does not have standing to maintain this action.

**C.   Plaintiff's Claim Should Be Dismissed Pursuant To Rule 12(b)(6).**

Defendants argue that this action must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because plaintiff has failed to state a claim pursuant to: (1) the Age Discrimination Act of 1975, 42 U.S.C. § 6102 ("ADA"); (2) 42 U.S.C. § 1983; (3) 42 U.S.C. §§ 1985, 1986; (4) the Federal Tort Claims Act, 28 U.S.C. § 2671, <u>et seq.</u> ("FTCA"); and (5) <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (D.E. 116, at 10-11, 12-16).  In response, plaintiff reiterates his claim for conspiracy based on defendants' statements prior to passing the Act.  He argues that this evidence is sufficient to

13

survive a motion to dismiss.  In addition, he indicates that he withdraws his claims pursuant to

42 U.S.C. § 1983 and the FTCA.

### 1.      Standard of Review for a motion to dismiss.

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes courts to dismiss claims

for failure to state a legally cognizable claim that is plausible.  Lone Star Fund V (U.S.), L.P. v.

Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009)).  When ruling on a Rule 12(b)(6) motion, a court must accept the plaintiff's factual

allegations as true and view them in the light most favorable to the plaintiff.  Capital Parks, Inc.

v. Se. Adver. & Sales Sys., Inc., 30 F.3d 627, 629 (5th Cir. 1994) (citation omitted); see also

Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ...

dismissals based on a judge's disbelief of a complaint's factual allegations.").  A court may not

look beyond the face of the pleadings to determine whether relief can be granted based on the

alleged facts.  Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999) (citation omitted); see also

Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the

pleadings are presented to and not excluded by the court, the motion must be treated as one for

summary judgment under Rule 56.").

A motion to dismiss pursuant to Rule 12(b)(6) tests the formal sufficiency of the

statement of a claim for relief.  It is not a procedure for resolving disputes about the facts of a

case.  The Supreme Court recently reiterated the stringent standards that defendants must

overcome to obtain such a dismissal:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss
> does not need detailed factual allegations, ... a plaintiff's obligation
> to provide the "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic recitation of the

> elements of a cause of action will not do.... Factual allegations
> must be enough to raise a right to relief above the speculative
> level, ... on the assumption that all the allegations in the complaint
> are true (even if doubtful in fact)....

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing Papasan v. Allain, 478 U.S. 265,

286 (1986)).  In other words, the claim to relief must be plausible, rather than just conceivable.

Id. at 570.  Even the allegation of "facts that are 'merely consistent with' a defendant's liability"

will not suffice.  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 557).  According to the

Supreme Court, "[a] claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  Id. (citing Twombly, 550 U.S. at 556); see also Twombly, 550 U.S. at 561 (rejecting

the "no set of facts" standard enunciated in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) because

it permitted the survival of "a wholly conclusory statement of claim ... whenever the pleadings

left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to

support recovery"); see also Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir. 1995)

("conclusory allegations ... masquerading as factual conclusions will not suffice to prevent a

motion to dismiss") (citation omitted).

By authorizing dismissal on the basis of some dispositive issue of law, the Rule 12(b)(6)

pleading test dispenses with "needless discovery and factfinding" for the ultimate purpose of

streamlining litigation.  Neitzke, 490 U.S. at 326-27.  The Fifth Circuit has specified that

"'[d]ismissal is proper if the complaint lacks an allegation regarding a required element

necessary to obtain relief.'"  Torch Liquidating Trust ex rel. Bridge Associates L.L.C. v.

Stockstill, 561 F.3d 377, 384 (5th Cir. 2009) (quoting Campbell, 43 F.3d at 975).  Moreover, a

"court is not required to 'conjure up unpled allegations or construe elaborately arcane scripts to'

15

save a complaint." Campbell, 43 F.3d at 975 (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Finally, the Fifth Circuit has explained that "[i]n deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003) (citation omitted); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) ( "matters of which a court may take judicial notice" are permissible to consider in ruling on a Rule 12(b)(6) motion). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Causey v. Sewell Cadillac–Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004) (citation omitted); accord In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted). Moreover, pursuant to the Federal Rules of Evidence, courts "may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**2.     Plaintiff has failed to state a claim pursuant to the Age Discrimination Act.**

Defendants argue that any claims asserted by plaintiff pursuant to the ADA must be dismissed because: (1) the law exempts "any program or activity established under authority of any law which [] provides any benefits or assistance to persons based upon the age of such persons," 42 U.S.C. § 6103(b)(2); (2) the law's regulation of "program[s] or activit[ies]" applies

to non-federal entities only, 42 U.S.C. §§ 6102, 6107(4); and (3) plaintiff does not allege that he

exhausted administrative remedies pursuant to 42 U.S.C. § 6104(e)(2).

Plaintiff has failed to state a claim pursuant to the ADA.  First, though not argued by

defendants, the ADA does not regulate the conduct about which plaintiff complains.  Based on a

plain language reading of the statute, it does not prohibit *conspiring* to discriminate on the basis

of age, through enacting legislation or otherwise.  See 42 U.S.C. § 6102 ("no person ... shall, on

the basis of age, be excluded from participation in, be denied benefits of, or be subject to

discrimination under, any program or activity receiving Federal financial assistance.").

Second, to the extent plaintiff seeks to challenge the provisions of the VOW to Hire

Heroes Act, rather than the alleged conspiracy that led to its passage, the ADA is inapplicable for

other reasons.  While the ADA prohibits discrimination on the basis of age in "any program or

activity receiving Federal financial assistance," 42 U.S.C. § 6102, the term "program or activity"

does not include federal entities or Members of Congress.  See 42 U.S.C. § 6107(4); Lannack v.

Biden, No. Civ. 06 180, 2007 WL 625849, at *1 (D. Del. Feb. 27, 2007) (unpublished)

(concluding that "the ADA does not cover actions taken by members of Congress").  In addition,

the ADA exempts from its coverage "any program or activity established under authority of law

which (A) provides any benefits or assistance to persons based upon the age of such persons; or

(B) establishes criteria for participation in age-related terms."  42 U.S.C. § 6103(b)(2).  The age-

limit eligibility requirement in the VOW to Hire Heroes Act falls squarely within these

provisions.

Finally, even putting these obstacles aside, plaintiff has failed to state a claim pursuant to the ADA because he has not alleged exhaustion of administrative remedies as required by 42 U.S.C. § 6104(e).

Accordingly, it is respectfully recommended that plaintiff has failed to state a claim pursuant to the ADA.

### 3.    Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983.

Defendants also argue that to the extent plaintiff alleges violations of 42 U.S.C. § 1983, he has failed to state a claim because defendants, as federal officials acting under color of federal law, cannot be subject to suit.  Plaintiff concedes that his claims pursuant to 42 U.S.C.    § 1983 are erroneous, although he indicates that this is because a § 1983 claim "cannot survive a Bivens claim."  (D.E. 124, at 2).  The Fifth Circuit has explained that "'federal officials, acting under color of federal law, rather than state law, are not subject to suit under § 1983.'"  Banks v. F.D.I.C., 374 F. App'x 532, 534-35 (5th Cir. 2010) (unpublished) (quoting Resident Council of Allen Parkway Village v. United States Dep't of Hous. Urban Dev., 980 F.2d 1043, 1053 (5th Cir. 1993)) (emphasis added).  Accordingly, because plaintiff asserts a claim against federal officials acting under color of federal law, it is respectfully recommended that he has failed to state a claim pursuant to 42 U.S.C. § 1983.

### 4.    Plaintiff has failed to state a claim pursuant to 42 U.S.C. §§ 1985(3), 1986.

Defendants next argue that plaintiff's conspiracy claim pursuant to 42 U.S.C. § 1985(3) is unsupported by specific factual allegations necessary to support such a claim and, in addition, fails because it is based on age instead of race.  Moreover, they allege that because plaintiff cannot establish a § 1985 claim, he cannot sustain a claim pursuant to 42 U.S.C. § 1986.

18

The Supreme Court has explained that for a plaintiff to successfully state a claim pursuant to 42 U.S.C. § 1985(3), he must allege that defendants conspired to deprive him of equal protection while acting with "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). However, the Fifth Circuit has consistently held that claims pursuant to 42 U.S.C. § 1985(3) must allege race-based discrimination. Bryan v. City of Madison, Miss., 213 F.3d 267, 276 (5th Cir. 2000) (citing Newberry v. E. Tex. State Univ., 161 F.3d 276, 281 n.2 (5th Cir. 1998)); Horaist v. Doctor's Hosp. of Opelousas, 255 F.3d 261, 271 (5th Cir. 2001) (quoting Bryan); Johnson ex rel. Wilson v. Dowd, 305 F. App'x 221, 224 (5th Cir. 2008) (per curiam) (unpublished) (quoting Horaist). Because plaintiff alleges that defendants conspired to discriminate against him on the basis of age, not race, his § 1985(3) claim must fail. Moreover, even if an age-based claim were permitted, plaintiff has failed to allege any facts suggesting the existence of any such conspiracy. Defendants' press statements in support of the Act do not reveal any trace of discriminatory animus, and plaintiff's insistence otherwise is merely conclusory. See Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993) (citation omitted) ("Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.").

Accordingly, it is respectfully recommended that plaintiff has failed to state a claim pursuant 42 U.S.C. § 1985(3). In addition, because a claim pursuant to 42 U.S.C. § 1986[6] depends on the existence of a viable § 1985 claim, see Broyles v. Texas, 618 F. Supp. 2d 661,

---

[6] 42 U.S.C. § 1986 creates a cause of action against individuals who knew and could have prevented conspiracies committed pursuant to 42 U.S.C. § 1985.

698 (S.D. Tex. 2009) (citing <u>Bryan</u>, 213 F.3d at 276; <u>Newberry</u>, 161 F.3d at 281 n.3), it is respectfully recommended that plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1986.

**5.  Plaintiff cannot state a claim for violations of state statutory, constitutional, or common law.**

Defendants argue that any claims asserted by plaintiff on the basis of state law must be dismissed for failure to exhaust administrative remedies pursuant to the FTCA.

Plaintiff's claims for intentional infliction of emotional distress and negligence are governed by the FTCA, which is the "exclusive" remedy for all claims alleging negligent or wrongful acts of federal government employees acting within the scope of employment, other than those pursuant to the United States Constitution or an authorizing federal statute.  28 U.S.C. § 2679(b).  "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing").  Plaintiff has not alleged exhaustion of his administrative remedies as required to survive a motion to dismiss.  <u>See</u> <u>McNeil</u>, 508 U.S. at 113.  Moreover, he appears to withdraw his state law claims governed by the FTCA, explaining that on October 5, 2012, he filed a separate FTCA claim with the Senate Judiciary Committee against the United States.  (D.E. 124, at 2).  Accordingly, it is respectfully recommended that plaintiff's state law claims be dismissed.

**6.  Plaintiff has failed to state a <u>Bivens</u> claim.**

Finally, defendants argue that plaintiff's <u>Bivens</u> claim based on alleged violations of his constitutional rights must be dismissed because no court has ever recognized such a cause of

action against a Member of Congress.  In addition, defendants assert that there is no basis to

imply a right of action pursuant to the Constitution, because the "elaborate remedial structure"

provided by Congress forecloses the judicial creation of a new remedy to adjudicate veterans

benefits disputes.

     In Bivens, the Supreme Court recognized a private cause of action against government

agents acting in their individual capacity for alleged constitutional deprivations.  403 U.S. at

395-97.  Here, plaintiff alleges that defendants violated his due process rights through conspiring

to pass legislation that discriminated against him on the basis of age.  However, he has cited no

authority to support his proposition that the act of *conspiring* to violate due process, in and of

itself, can form the basis of a Bivens action.  See Hanna v. Home Ins. Co., 281 F.2d 298, 303

(5th Cir. 1960) ("Section 1983 does not provide a cause of action for a conspiracy to deny due

process; there must be an actual denial of due process before a cause of action arises.") (citation

omitted); see also Izen v. Catalina, 382 F.3d 566, 570 n.3 (5th Cir. 2004) (per curiam) (noting

that "a *Bivens* action is analogous to an action under § 1983–the only difference being that

§ 1983 applies to constitutional violations by state, rather than federal, officials") (citation

omitted).  Therefore, to the extent his Bivens claim is based on defendants' alleged conspiracy to

discriminate or pass discriminatory legislation, it is respectfully recommended that his claim be

dismissed.

     In addition, to the extent plaintiff seeks to challenge his denial of benefits pursuant to the

Act as a violation of due process, he has failed to state a Bivens claim.  The Fifth Circuit has

explained that given the "elaborate remedial structure" provided by Congress for the

"comprehensive [administrative] review of veterans benefits disputes," courts should decline to

imply a <u>Bivens</u> remedy to resolve such dispute.  <u>Zuspann v. Brown</u>, 60 F.3d 1156, 1161 (5th Cir.

1995) (refusing to imply a <u>Bivens</u> remedy to redress claimed unconstitutional denial of veterans

benefits).  Accordingly, it is respectfully recommended that plaintiff's claim regarding his denial

of benefits pursuant to the Act be dismissed.

## IV.  RECOMMENDATION

Accordingly, it is respectfully recommended that defendants' motion to dismiss, (D.E.

116), be granted, and plaintiff's action be dismissed.

Respectfully submitted this 2nd day of November 2012.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).