UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| E.K. WADE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-00179 |
| | § | |
| DANIEL AKAKA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION
TO GRANT DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is Defendants' Motion to Dismiss (D.E. 116). On November 2, 2012, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 129), recommending that Defendants' Motion to Dismiss be granted. Plaintiff filed his Objections (D.E. 135) on November 16, 2012. Each of his objections will be addressed below.

Under the heading "Factual Allegations," Plaintiff makes four objections: (1) that he is entitled to notice and an opportunity to amend if his allegations are insufficient to state a cause of action; (2) the standard of review applicable to a motion to dismiss does not justify dismissal; (3) Plaintiff has filed a Third Amended Complaint that cures any deficiency; and (4) the Magistrate Judge does not have the authority to issue orders in this case. Under the heading "Statutory Authority and Federal Rules of Civil Procedure," Plaintiff supplies his briefing for his objections.

With respect to his first objection, Plaintiff claims that he has not been given notice of any deficiency in his pleading along with an opportunity to cure the defect.  However, Plaintiff was given notice of claimed defects in Defendants' Motion to Dismiss (D.E. 116) as well as the Magistrate Judge's Memorandum and Recommendations (D.E. 129).  To date, Plaintiff has filed five motions in an attempt to file a third amended complaint (D.E. 117, 122, 131, 134, 137).

After review, this Court finds that neither the Plaintiff's motions nor his proposed third amended complaint cure the deficiencies in the causes of action he wants to state.  An opportunity to amend is not required under Fed. R. Civ. P. 15 when any proposed amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Plaintiff's first objection is OVERRULED.

In his second objection, Plaintiff asserts that the Magistrate Judge misapplied the standard of review on the motion to dismiss, citing *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99 (1957).  The *Conley* standard of review was replaced by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1966 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009).  After review of the Memorandum and Recommendation, the Court finds that the Magistrate Judge properly applied the *Twombly/Iqbal* standard of review.  Plaintiff's second objection is OVERRULED.

In his third objection, Plaintiff argues that he has filed a Third Amended Complaint that cures any deficiency.  Despite the fact that leave to file has not been granted for the Third Amended Complaint, the Court has reviewed it and

finds that it does not cure the deficiencies in Plaintiff's causes of action. Neither does Plaintiff articulate how he believes it does cure the deficiencies. Plaintiff's third objection is OVERRULED.

Fourth, Plaintiff challenges the Magistrate Judge's authority to issue orders in this case. He claims that the Magistrate Judge does not have the power to preside in these pretrial matters without his consent. Plaintiff's argument is predicated upon 28 U.S.C. § 636(b)(2) and (c). However, the Magistrate Judge is acting in this case at this time under 28 U.S.C. § 636(b)(1). Under that subsection, the Magistrate Judge has the power to make proposed findings and recommendations for this Court's final ruling. No consent of the parties is required. Plaintiff has been given his opportunity to object to the Memorandum and Recommendation and it is now within the purview of this Court to adopt or reject the Magistrate Judge's findings and conclusions. As set out above, the Court has done so. Plaintiff's fourth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge.

Accordingly, Defendants' Motion to Dismiss (D.E. 116) is GRANTED and this action is DISMISSED.

ORDERED this 10th day of December, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE